IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| KEVIN DONNELL MURPHY, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. MJM-24-1590 |
| ELON REEVE MUSK, | * | |
| Defendant. | * | |

## MEMORANDUM

Self-represented plaintiff Kevin Donnell Murphy ("Plaintiff") filed this civil action against Elon Reeve Musk ("Defendant") alleging breach of contract, violation of Plaintiff's constitutional rights, invasion of privacy, and wrongful repossession of vehicle. ECF Nos. 5, 5-1, 5-4. This matter is before the Court on Plaintiff's Motion for Default Judgment, ECF No. 9; Plaintiff's Motion for Entry of Default, ECF No. 10; and Defendant's Motion to Dismiss, ECF No. 11. The motions are ripe for disposition. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the Court shall grant Defendant's motion to dismiss and deny Plaintiff's motions.

**I.   BACKGROUND**

**A. Factual Background**

The following facts are drawn from Plaintiff's Amended Complaint and attached affidavits.ECF Nos. 5, 5-1, 5-4.

On July 11, 2017, Plaintiff entered into a purchase agreement with Tesla, Inc. ("Tesla") for a Tesla vehicle. ECF No. 5-4 at 3. Plaintiff alleges that he complied with all requirements,

1

including submitting ownership details and insurance documentation. *Id.* at 5. However, despite his compliance with his contractual obligations, Tesla engaged in unlawful repossession attempts, demanding that the vehicle be returned. *Id.* Plaintiff further alleges that Tesla used GPS tracking technology to locate him at his place of employment, violating his privacy. *Id.* at 5–6.

### B. Procedural Background

On June 3, 2024, Plaintiff filed his initial Complaint against Defendant. ECF No. 1. The Court granted Plaintiff leave to proceed in forma pauperis. ECF Nos. 2, 4. Plaintiff proceeded to file a Motion for Default Judgment, ECF No. 9, followed by a Motion for Entry of Default ten days later, ECF No. 10.

In the Amended Complaint, Plaintiff alleges several claims against Tesla and its agents for violations of "Maryland repossession laws, federal repossession laws, and constitutional rights." ECF No. 5-4 at 4. But Tesla is not named as a defendant in the caption of the Amended Complaint. *See* ECF No. 5 at 1.[1] Plaintiff seeks the return of his vehicle along with actual damages and punitive damages. *Id.* at 2, 6.

On January 2, 2025, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(2) and (b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 11, 11-1. The Clerk's Office issued a notice to Plaintiff regarding Defendant's motion, ECF No. 12, but he did not file a response.

## II. STANDARD OF REVIEW

### A. Rule 12(b)(2)

A motion to dismiss under Rule 12(b)(2) tests whether the district court is permitted to exercise personal jurisdiction over a defendant in a specific case. "Under Rule 12(b)(2), a

---

[1] "Tesla automobile" appears to have been listed as a defendant on the second page of the complaint form, but it was then crossed out prior to filing. ECF No. 5 at 2.

2

defendant 'must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge.'" *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 350 (4th Cir. 2020) (quoting *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016)). The "burden [is] on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *see also Grayson*, 816 F.3d at 267 (same) (alteration in original).

"When personal jurisdiction is addressed under Rule 12(b)(2) without an evidentiary hearing, the party asserting jurisdiction has the burden of establishing a *prima facie* case of jurisdiction." *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019). In that circumstance, "the district court must determine whether the facts proffered by the party asserting jurisdiction—assuming they are true—make out a case of personal jurisdiction over the party challenging jurisdiction." *Id.*

### B.  Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation modified). A complaint must contain factual allegations

sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*). When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (second alteration in *Folkes*). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff'"; rather, the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King*, 825 F.3d at 212, 214 (quoting *Twombly*, 550 U.S. at 570)).

### III.   DISCUSSION

In his motion to dismiss, Defendant raises two arguments. ECF No. 11-1. First, Defendant argues that this Court lacks personal jurisdiction over Defendant. *Id.* at 3–5. Second, regardless of personal jurisdiction, Defendant argues that the Amended Complaint fails to state a claim against Defendant. *Id.* at 5. For the following reasons, the Court agrees with Defendant and shall dismiss this action.

"When a federal court sits in diversity, it 'has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process.'" *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 188 (4th Cir. 2016) (quoting *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993)). "Maryland courts have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390 (4th Cir. 2003).

There are two types of personal jurisdiction, general or specific. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). A court has general jurisdiction over a defendant when his contacts with the forum state are so "continuous and systematic" as to render the defendant "at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A., v. Brown*, 564 U.S. 915, 918–19 (2011). The court has specific jurisdiction over a defendant "[i]f the cause of action arises out of the defendant's minimum contacts with the forum[.]" *Cong. Bank v. Potomac Educ. Found., Inc.*, Civ. No. PWG-13-889, 2014 WL 347632, at *3 (D. Md. Jan. 30, 2014) (quoting *Tawney v. AC & R Insulation Co.*, Civ. No. WDQ-13-1194, 2013 WL 5887625, at *2 (D. Md. Oct. 30, 2013)).

Here, in failing to respond to Defendant's motion, Plaintiff fails to satisfy his burden of establishing that this forum state has personal jurisdiction over Defendant. The Amended Complaint does not contain a single allegation that Defendant engaged in any act relevant to Plaintiff's claims in or directed toward Maryland. Importantly, personal jurisdiction over Defendant must be based on his own personal contacts with, or purposeful availment of, the state of Maryland; it cannot be premised upon Tesla's contacts in this forum. "Personal jurisdiction over

5

an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation." *Harte-Hanks Direct Mktg./Balt., Inc. v. Varilease Tech. Fin. Grp., Inc.*, 299 F. Supp. 2d 505, 513 (D. Md. 2004); *see also Rhee Bros., Inc. v. Han Ah Reum Corp.*, 178 F.Supp.2d 525, 532 (D. Md. 2001); *Mates v. N. Am. Vaccine, Inc.*, 53 F.Supp.2d 814, 821 (D. Md. 1999); *Quinn v. Bowmar Publ'g Co.*, 445 F. Supp. 780, 785 (D. Md. 1978). Stated simply, personal jurisdiction "must be based on an individual's personal contacts with or purposeful availment of the forum state." *Harte-Hanks Direct Mktg./Balt.*, 299 F. Supp. 2d at 513–14. This Court may not exercise personal jurisdiction over Defendant simply because he is an officer of Tesla. The Court shall dismiss the Amended Complaint against Defendant for lack of personal jurisdiction.

Even if this Court found it had personal jurisdiction over Defendant, the Amended Complaint fails to state any plausible claim for relief against him. The Amended Complaint does not contain a single allegation that Defendant engaged in any of the acts Plaintiff alleges supports his claims for relief. The allegations in the Amended Complaint arise from a purchase agreement between Plaintiff and Tesla; Defendant is not mentioned at all. *See* ECF No. 5-4 at 3, 5.

Because this Court does not have personal jurisdiction over Defendant, and the Amended Complaint is subject to dismissal for failure to state a claim, this Court must deny Plaintiff's motions for entry of default and default judgment. *See Aerotek, Inc. v. Bernard Irby Inc.*, 670 F. Supp. 3d 230, 232 (D. Md. 2023) ("judgment[s] entered against a defendant over whom the Court does not have personal jurisdictions . . . [are] void") (citing *Gonzalez v. Spunk Indus., Inc.*, Civ. No. ELH-18-2935, 2019 WL 4392951, at *2–3 (D. Md. Sept. 13, 2019)) (citation modified); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2685 n.18 (4th ed. 2022). Moreover, entry of default as to a defendant is proper only when the defendant has

failed to plead or otherwise lodge a defense in response to suit, *see* Fed. R. Civ. P. 55(a), and entry of default is a prerequisite to a default judgment, *see* Fed. R. Civ. P. 55(b). Here, Defendant responded to suit by filing a motion to dismiss. Therefore, entry of default and default judgment would be improper.

IV.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 11) will be GRANTED, and Plaintiff's Motion for Default Judgment (ECF No. 9) and Motion for Default (ECF No. 10) will be DENIED.

A separate Order will follow.

   9/26/25                                          /S/
Date                                              Matthew J. Maddox
                                                     United States District Judge